**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION**

| | | |
|---|---|---|
| **NICOLE DAVIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 1:26-cv-129-KD-N** |
| | ) | |
| **CITY OF MOBILE, *et al.*** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

This case is before the Court on Plaintiff's "Affidavit of Truth" (Doc# 2) in which she declares "that I am unable to pay [court filing] fees or give security therefor."[1] The Court finds Plaintiff's barebones, conclusory assertion of pauper status inadequate to justify proceeding without prepayment of the $405.00 filing fee under the applicable *in forma pauperis* ("IFP") statute, 28 U.S.C. § 1915,[2] and the Local Rules of this Court (https://www.alsd.uscourts.gov/sites/alsd/files/local-rules.pdf).

"The *in forma pauperis* statute, 28 U.S.C. § 1915, ensures that indigent persons will have equal access to the judicial system." *Attwood v. Singletary*, 105 F.3d 610,

---

[1] This filing has been referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a)-(b). See docket sheet reference notation dated 4/10/2026.

[2] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (per curiam).

612-13 (11th Cir. 1997) (citing *Coppedge v. United States*, 369 U.S. 438, 446 (1962)). However, "[t]here is no question that proceeding *in forma pauperis* is a privilege, not a right," *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986), and "should not be a broad highway into the federal courts." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (per curiam). *See also Rivera v. Allin*, 144 F.3d 719, 722, 724 (11th Cir. 1998) ("Leave to proceed IFP is, and always has been, the exception rather than the rule. To commence a civil lawsuit in federal district court, the general rule is that initiating parties must prepay a filing fee .... To be sure, proceeding IFP in a civil case is a privilege, not a right – fundamental or otherwise."), *abrogated on other grounds*, *Jones v. Bock*, 549 U.S. 199 (2007).

Nevertheless, "while a trial court has broad discretion in denying an application to proceed *in forma pauperis* under 28 U.S.C.A. § 1915, it must not act arbitrarily and it may not deny the application on erroneous grounds." *Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983) (per curiam) (citing *Flowers v. Turbine Support Div.*, 507 F.2d 1242, 1244 (5th Cir. 1975)); *see also Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306-07 (11th Cir. 2004) (per curiam) ("[A] trial court has wide discretion in denying an application to proceed IFP under 28 U.S.C. § 1915 . . . . However, in denying such applications a court must not act arbitrarily. Nor may it deny the application on erroneous grounds." (citation omitted)).

In this case, the Court cannot properly consider Plaintiff's request to proceed IFP unless and until she files a **detailed** declaration swearing to inability to pay the filing fee.

Accordingly, Plaintiff is **ORDERED** to, no later than **SEPTEMBER 25, 2026**, **either** (1) pay the Clerk of Court the $405 civil action filing fee **or** (2) supplement her "Affidavit of Truth" (Doc# 2) with a sworn declaration on this Court's form "Motion to Proceed Without Prepayment of Fees" (hereinafter "IFP Motion") that includes all factual disclosures concerning her claim of IFP status. This IFP Motion form is online at https://www.alsd.uscourts.gov/sites/alsd/files/forms/IFPMotion-localAO240.pdf. Unless Plaintiff is currently an incarcerated prisoner, she is instructed to ignore pages 1 and 6 of the IFP Motion form.

Plaintiffs' failure to comply with this Order may result in the entry of a recommendation to a District Judge of this Court that Plaintiff be denied leave to proceed IFP and that this civil action be dismissed without prejudice for failure to prosecute this action and / or failure to obey a court order. *See Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005) (holding that a district court may dismiss an action for failure to prosecute and obey a court order under both Federal Rule of Civil Procedure 41(b) and the court's inherent power to manage its docket); *Woods v. Dahlberg*, 894 F.2d 187, 187 (6th Cir. 1990) (per curiam) (denial of IFP motion is "the functional equivalent of an involuntary dismissal"); *Escobedo v. Applebees*, 787 F.3d 1226, 1228 (9th Cir. 2015) ("Obviously, if an IFP application is submitted with the complaint in lieu of the filing fee, and the application is thereafter denied, the district court will be free to dismiss the complaint if the fee is not paid within a reasonable time following the denial.").

**NOTICE TO *PRO SE* PLAINTIFF**

Plaintiff is proceeding *pro se*, that is, without legal counsel. Plaintiff is advised that "[a]ll persons proceeding *pro se* shall be bound by, and must comply with, all Local Rules of this Court, as well as the Federal Rules of Civil … Procedure, unless excused by Court order." S.D. Ala. GenLR 83.5(a). S*ee also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure. These rules provide for sanctions for misconduct and for failure to comply with court orders."); *United States v. Hung Thien Ly*, 646 F.3d 1307, 1315 (11th Cir. 2011) ("A *pro se* [party] must follow the rules of procedure and evidence and the district court has no duty to act as his lawyer…" (citation omitted)).

For instance, Federal Rule of Civil Procedure 11(a) requires that any paper filed with the Court be signed by a *pro se* party personally and provide that party's "address, e-mail address, and telephone number." *See also* S.D. Ala. GenLR 5(a)(4) ("For filings by *pro se* litigants, the unrepresented party shall personally sign each document filed and shall include, directly beneath the signature line, his or her name, address and telephone number."). Unless and until the party registers with the Clerk of Court to electronically file with the Court,[3] that party must handwrite

[3] See Administrative Procedure for Electronic Filing in the United States District Court for the Southern District of Alabama, § III(B) (last revised 2/1/2019) (https://www.alsd.uscourts.gov/sites/alsd/files/AdminPro.pdf); Fed. R. Civ. P. 5(d)(3).

his signature in order to satisfy Rule 11(a).[4] "The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Fed. R. Civ. P. 11(a). Repeated failures to follow this or any other court rule or order may result in additional sanctions, up to and including dismissal of this action. *See Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005) (explaining that a court may dismiss an action on its own motion as a sanction for failure to obey rules and orders, under both Federal Rule of Civil Procedure 41(b) and the court's inherent authority); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.").

Under this Court's local rules, "[a]ny person proceeding *pro se* must, at all times during the pendency of the action to which he or she is a party, keep the Clerk informed of his or her current address and … must promptly notify the Clerk of any change of address … Failure to comply with this Rule may result in sanction, including dismissal of a *pro se* plaintiff's action…." S.D. Ala. GenLR 83.5(b).

---

[4] *See Becker v. Montgomery*, 532 U.S. 757, 763-64 (2001) ("Becker maintains that typing one's name satisfies the signature requirement and that his original notice of appeal, containing his name typed above "(Counsel of Record)," met Civil Rule 11(a)'s instruction….[H]owever, we are not disposed to extend the meaning of the word 'signed,' as that word appears in Civil Rule 11(a), to permit typed names. As Rule 11(a) is now framed, we read the requirement of a signature to indicate, as a signature requirement commonly does, and as it did in John Hancock's day, a name handwritten (or a mark handplaced).").

Additionally, any "request for Court action must be presented by motion and may not be presented by informal means such as a letter." S.D. Ala. GenLR 7.[5]

**DONE** and **ORDERED** this the 26th day of August 2026.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

[5] The Court's Local Rules and standing orders can be accessed at: https://www.alsd.uscourts.gov/court-info/local-rules-and-orders